## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| DeJuan Haywood Haggins, | Civil No. 09-537 (DWF/RLE) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| City of St. Paul, St. Paul Police Department, Officer Kellum, Officer Stevens, Officer Thomas, and Officer Radke, | |
| Defendants. | |

DeJuan Haywood Haggins, *Pro Se*, Plaintiff.

Lawrence J. Hayes, Jr., Assistant City Attorney, St. Paul City Attorney's Office, counsel for Defendants.

---

This matter is before the Court upon Defendants' objections to Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation ("R&R") dated March 1, 2010, recommending that: (1) the Plaintiff's Motion for Default Judgment be denied; and (2) the Defendants' Motion for Summary Judgment be granted, in part, as more fully explained in the text of Chief Magistrate Judge Erickson's R&R. In their Objection, Defendants request that the references contained in Item III.B.2(f) of Chief Magistrate Judge Erickson's R&R's legal analysis at page 32 referring to Officer Radke be deleted.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local

Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the R&R and is incorporated by reference for purposes of Defendants' objections.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendants' objections (Doc. No. [55]) to Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation dated March 1, 2010, are hereby **GRANTED, IN PART,** as follows:

   a. To the extent that the Plaintiff has not alleged in any of his pleadings or correspondence that the Court has received that Officer Radke was present at the time of his arrest or otherwise engaged in excessive force against the Plaintiff at the Crowne Plaza Hotel, the Court finds and directs that the references contained in Item III.B.2. shall be deleted. They were not considered by the Court.

2. Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation dated March 1, 2010 (Doc. No. [54]), is **ADOPTED** with the modifications set forth in **paragraph 1 of this Order**.

3. The Plaintiff's Motion for Default Judgment (Doc. No. [9]) is **DENIED**.

4. The Defendants' Motion for Summary Judgment (Doc. No. [15]) is **GRANTED, IN PART**, and **DENIED, IN PART,** as follows:

   a. Defendant St. Paul Police Department's motion for summary judgment is hereby **GRANTED**.

   b. Defendant City of St. Paul's motion for summary judgment as to Plaintiffs *Monell* claim is hereby **GRANTED**.

   c. Plaintiff's official capacity claims against Officer Kellum, Officer Stevens, and Officer Radke are hereby **DISMISSED WITH PREJUDICE**.

   d. Defendants' summary judgment motion is hereby **DENIED** as to Plaintiff's claim that Officer Kellum and Officer Stevens violated Plaintiff's Fourth Amendment rights by the use of excessive force. Moreover, because genuine issues of material fact exist as to the nature and circumstances of Plaintiff's arrest on April 30, 2007, Officer Kellum and Officer Stevens are not entitled to qualified immunity as a matter of law. To that extent, Defendants' motion for summary judgment on the issue of qualified immunity is hereby **DENIED**.

   e. Plaintiff's claim of the use of excessive force by Officer Radke, whether the Plaintiff is viewed as an arrestee or a pretrial detainee during Plaintiff's interview with Office Radke, is hereby **DISMISSED**

**WITH PREJUDICE**. This claim fails both on Fourth Amendment grounds and Fourteenth Amendment substantive due process grounds. The Court finds that the Plaintiff has failed to allege an actual injury caused by Officer Radke's alleged conduct.

 f. Plaintiff's claim of a substantive due process violation by reason of the use of excessive force with respect to the alleged beatings and dog attack is hereby **DISMISSED WITH PREJUDICE**. Moreover, to the extent this claim involves an allegation that the Defendants attempted to cover up the alleged excessive force by falsifying police reports, this claim fails because the Plaintiff and similarly situated plaintiffs do not have a constitutional right to an accurate police report. Further, there is no allegation of a deprivation of any liberty interest related to the police reports, even if assumed to be false, as alleged by Plaintiff. Consequently, the Court concludes that there is no substantive due process claim and those claims are hereby **DISMISSED WITH PREJUDICE**.

 g. Defendants' motion for summary judgment relating to Plaintiff's First Amendment retaliation claim, pursuant to 42 U.S.C. § 1983, as it relates to Officer Kellum and Officer Stevens, is hereby **DENIED**.

 h. Finally, the Court concludes, consistent with the Report and Recommendation at page 33, that there are no state law claims properly before the Court, and consequently the Court has no issue before it to

decide.  An amendment to a party's claim cannot be raised for the first time in a memorandum to the Court, as noted by the Report and Recommendation.


Dated:  March 31, 2010         s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge